**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT  D. O'BRIEN,
                 Appellant,

      v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
AT-0752-14-0640-I-1

DATE: February 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam Jerome Conti, Atlanta, Georgia, for the appellant.

Christopher M. Kenny, Fort Gordon, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

¶2    The appellant occupied a GS-13 Supervisory Security Specialist position, which was designated as a law enforcement officer position and was subject to random drug testing.  Initial Appeal File (IAF), Tab 1.  A urine sample that he provided on February 5, 2014, was certified by an agency Medical Review Officer as testing positive for codeine and morphine.  *Id*.  The appellant maintained that he had codeine in his system because he had taken prescription cough syrup with codeine a few days before the test, and that codeine metabolized into morphine.  *Id*.  He indicated during the investigation of the positive test result that he did not submit his prescription for cough syrup with codeine because he had been told that the agency would not accept a prescription that was more than 6 months old and his prescription was written more than 6 months prior to the drug test.  IAF, Tab 4 at 28.  Subsequently, the appellant became aware that the agency proposed to remove him based on the positive drug test result, and he resigned before receiving the notice of proposed removal.  IAF, Tab 9 at 11.

¶3    The appellant filed an appeal, alleging that his supervisor provided inaccurate and misleading information that coerced his resignation.  Specifically, he alleged that, during a meeting on April 2, 2014, his supervisor failed to inform him that before he could be removed, he had the right to an advance notice and an opportunity to respond.  *Id*.  The appellant represented that during the meeting his supervisor said that the agency had decided to remove the appellant and that to be eligible for federal retirement and/or to get reinstated somewhere in the federal system, he had to resign immediately, prior to being formally issued the notice of proposed removal that the supervisor said he had in hand.  *Id*.  The appellant alleged that, based on the supervisor's representation during the meeting, he returned to his office, drafted a resignation letter that he dated April 1, 2014, and submitted it before receiving the proposed removal notice.  *Id*.

¶4    The administrative judge found that the appellant had made a nonfrivolous allegation that his resignation was coerced by his supervisor's misleading statements, and held a jurisdictional hearing at which the appellant and his

supervisor testified about the meeting of April 2, 2014. IAF, Tab 14. She found that the appellant's version was not credible. IAF, Tab 12, Initial Decision (ID) at 5. Rather, she credited the appellant's supervisor's testimony that the appellant arrived at the meeting with the resignation letter in hand. ID at 5. In crediting the supervisor's testimony, the administrative judge found that the supervisor's statement that the meeting lasted fewer than 5 minutes was corroborated by another employee who was in the office at the time of the meeting, and that his testimony was consistent with the statement that he provided earlier. ID at 5. She also found that, even if the appellant's supervisor made the statements that the appellant alleges were made, the appellant was an experienced and trained supervisor who knew or should have known that his removal needed to be proposed before it was finalized and that he would have an opportunity to respond to a deciding official. ID at 6-7. Thus, the administrative judge found that the appellant failed to show that his resignation was the result of coercion. ID at 6-8.

¶5        In his petition for review, the appellant asserts that, on August 22, 2014, based on information that he learned during the August 18, 2014 Board hearing, he telephoned the agency's drug testing laboratory to inquire into the manner that his drug test had been processed. Petition for Review (PFR) File, Tab 4 at 7-8. He said that the laboratory asked for copies of his prescriptions regardless of how old they were, and he promptly provided them. *Id*. at 8. On September 2, 2014, he received a copy of a Lab Results Report that reflected negative results for his drug test based on the urine sample that he provided on February 5, 2014. *Id*. at 27. With his petition for review, the appellant provided an affidavit repeating that he did not provide any prescriptions during the investigation of the positive test result because he had been wrongly informed that he may submit only prescriptions that were less than 6 months old. *Id*. at 15. He also provided a copy of the Lab Results Report showing negative results, and a list of his prescriptions showing that he was prescribed guaifenesin/codeine on August 31, 2011. *Id*. at 21, 27. The appellant asks the Board to accept the

affidavit, prescription information, and the September 2, 2014 Lab Results Report into the record as new evidence to show that he resigned based on misleading information.

¶6        Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶7        Here, nothing contradicts the appellant's statement that he first learned during the hearing in his appeal that the agency provided misleading information regarding whether he could submit prescriptions that were older than 6 months. He contacted the drug testing laboratory within 4 days of the hearing in his appeal.  We find that under these circumstances the appellant acted with due diligence to contact the laboratory, and to obtain the new evidence that he submits on petition for review.  We find further that the appellant's statement, made under penalty of perjury, that he was misled into failing to submit his prescription for cough syrup with codeine, if proven, could constitute evidence sufficient to warrant a different jurisdictional outcome.  *See Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 7 (2000).

¶8        A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing that his resignation was involuntary and therefore tantamount to a forced removal.  *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009).  One means by which an appellant may overcome the presumption of voluntariness is by showing that the resignation was obtained by agency misinformation or deception.  *Id*.

¶9        The touchstone of the analysis of whether a retirement or resignation is voluntary is whether the employee made an informed choice.  *Id.*, ¶ 16. A

decision made "with blinders on," based on misinformation or lack of information, cannot be binding as a matter of fundamental fairness and due process. *Id.* (quoting *Covington v. Department of Health & Human Services*, 750 F.2d 937, 943 (Fed. Cir. 1984)). The Board has stated that the principles set forth in the court's decisions in *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574–75 (Fed. Cir. 1983), and *Covington* require an agency to provide information that is not only correct in nature but adequate in scope to allow an employee to make an informed decision, and that this includes an obligation to correct any erroneous information that it has reason to know an employee is relying on. *Baldwin*, 111 M.S.P.R. 586, ¶ 16; *see Johnson v. U.S. Postal Service*, 66 M.S.P.R. 620, 627–28 (1995).

¶10    We find that the appellant's new evidence constitutes a nonfrivolous allegation of facts which, if proven, could warrant setting aside the drug test carried out without the benefit of that prescription. *See, e.g.*, *Henson*, 86 M.S.P.R. 221, ¶ 8. Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Deines v. Department of Energy*, 98 M.S.P.R. 389, ¶ 11 (2005). An appellant is entitled to a hearing on the issue of Board jurisdiction over an alleged involuntary resignation if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).

¶11    The appellant's assertion, and new evidence in support thereof, that he was misled by the agency into failing to submit critical evidence, if proven, may have affected the outcome of the investigation into his positive drug test. Absent the appellant's receiving misleading representation of a rule prohibiting submission of prescriptions that were more than 6 months old, it appears that: (1) he would not have received a positive drug test result; (2) the agency may not have proposed his removal; and (3) he would not have felt pressured to resign. That is so, regardless of whether the agency was aware that its statements were

misleading. *See Covington*, 750 F.2d at 942. In any event, as noted, the appellant told the agency, during the investigation of the positive test results, that he had been informed of a rule prohibiting consideration of prescriptions that were more than 6 months old, thereby obligating the agency to inform the appellant if his belief was inaccurate. We find that the appellant alleged that, as a long-time employee who had never been disciplined, IAF, Tab 1, he reasonably relied upon the misleading statements about a rule concerning whether he could submit certain prescriptions in concluding that he had no real choice but to immediately resign to preserve his good employment record.

¶12 Accordingly, we remand the appeal to the Atlanta Regional Office to afford the appellant an opportunity to prove his allegation of agency misrepresentation. On remand, the appellant shall be given the opportunity to supplement the record, including calling witnesses to give additional testimony, about whose testimony the administrative judge may then make additional credibility determinations.[2] *See Henson*, 86 M.S.P.R. 221, ¶ 16.

**ORDER**

¶13 We remand this appeal to the regional office for further adjudication consistent with this remand order.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.

---

[2] Our findings in the remand order do not disturb the administrative judge's credibility findings regarding what transpired between the appellant and his supervisor at the April 2, 2014 meeting.